Daniel, Judge,
 

 after stating the case as above, proceeded: — We are of the opinion, that the judge was correct in refusing a new trial, on both points in the case.
 
 First,
 
 the demand of the plaintiff to be let into possession in April, 1833, and the refusal by the defendant, accompanied with the declaration, that he held the lands for his father-in-law, was a circumstance properly left to the jury, from which they might infer the previous adverse possession, or an actual ouster at the date of the demise,
 
 *99
 
 as stated in the declaration.
 
 Secondly,
 
 the general consent rule, will in all cases, be sufficient to prevent a nonsuit for want of a real lease, entry, and ouster, except when it is necessary that an actual entry should be made upon the land previously to the commencement of the suit; as in cases when fines with proclamations have been levied.
 
 Adams on Ejectment,
 
 90, 236. When, therefore, an ejectment is brought by a joint tenant, parcener, or tenant in common, against his companion, (to support which, an actual ouster is necessary,) the defendant ought to apply to the court upon affidavit, for leave to enter into a
 
 special rule,
 
 requiring him to confess lease and entry at the trial; but not
 
 ouster
 
 also, unless an actual ouster of the plaintiff’s lessor by him, the defendant, should be proved; and this special rule will always be granted, unless it appear that the claimant has been actually obstructed in his occupation. He, (a tenant in common) shall not be compelled to confess “
 
 ouster,”
 
 when he does
 
 not
 
 dispute the title: but when he
 
 does
 
 dispute it, he shall be compelled to confess lease, entry, and ouster, before he pleads.
 
 Oates ex dem. Wigfall
 
 v.
 
 Brydon,
 
 3 Burr. 1897.
 
 Doe ex dem. Ginger
 
 v.
 
 Roe,
 
 2 Taun. 397.
 
 Prindle
 
 v.
 
 Lytte,
 
 4 Cowen’s Rep. 16.
 
 Jackson
 
 v.
 
 Stiles,
 
 6 Cowen’s Rep. 391. We think the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.